_____

No. 95-3459
_____

Dolores J. Clark,                    *
                                     *
          Appellant,                 *
                                     * Appeal from the United States
     v.                              * District Court for the
                                     * Southern District of Iowa.
Eagle Food Centers, Inc.,            *
                                     *       [UNPUBLISHED]
          Appellee.                  *


_____

              Submitted: September 9, 1996

                  Filed: January 9, 1997
                 _____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
                 _____

PER CURIAM.


     Dolores Clark appeals from the order of the District Court[1] granting
summary judgment to Eagle Foods Centers, Inc. (Eagle) in Clark's employment
discrimination action under Title VII of the Civil Rights Act of 1964, 42
U.S.C. § 2000e et seq. (1994), the Age Discrimination in Employment Act
(ADEA), 29 U.S.C. § 621 et seq. (1994), the Equal Pay Act, 29 U.S.C.
§ 206(d) (1994), and Iowa civil rights laws.  We affirm.


     At the time Clark filed this action in April 1994, she was
employed by Eagle as an Assistant Store Manager, a position she had
held since June 1990.  Clark complained that Eagle discriminated
against her based on her age and sex by failing to promote her to
a Store Manager position, and instead promoting younger males.  She

_____

     [1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

also alleged Eagle's promotion practices had a disparate impact on female employees, including Clark.  Finally, she alleged she was compensated at a lower rate than men and younger employees who held the same positions as she.  A few months after Clark filed this action, she was promoted to a Store Manager position.

The District Court granted Eagle summary judgment, concluding, inter alia, that Clark had not presented evidence that she was rejected for promotion to positions for which she was qualified, or that Eagle's reasons for not promoting her were pretextual.  The court determined Clark also had not shown disparate impact, and that her Equal Pay Act claim was time-barred.

We review the grant of summary judgment de novo, applying, as did the District Court, the summary judgment standards of Federal Rule of Civil Procedure 56(c).  See Michalski v. Bank of Am. Ariz., 66 F.3d 993, 995 (8th Cir. 1995).

We agree with the District Court that Clark failed to present sufficient evidence she was rejected for promotions for which she was qualified.  Clark proffered no evidence that her experience and qualifications were comparable to those of the younger males promoted to Store Manager positions.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Bell v. Bolger, 708 F.2d 1312, 1316 (8th Cir. 1983) (to establish  prima facie case, plaintiff must establish she is member of protected class, she sought and was denied promotion for which she was qualified, and promotion was given to another person of similar qualifications who is not member of protected class).  Clark also did not present sufficient evidence to rebut Eagle's evidence that she was not selected for promotion earlier because she needed to improve her skills and gain greater experience.  See Hutson v. McDonnell Douglas Corp., 63 F.3d

771, 776-77 (8th Cir. 1995) (if plaintiff makes prima facie case, and defendant articulates legitimate, nondiscriminatory reason for

adverse employment action, plaintiff must produce evidence proffered reason is pretextual).

As for Clark's disparate impact claim, although Clark offered evidence that more men than women held the position of Store Manager, Clark did not identify a specific employment practice that caused this statistical disparity; rather, she simply restated her disparate treatment allegations that Eagle pursued intentionally discriminatory policies against women in training and promotion opportunities. See Bradley v. Pizzaco of Neb., Inc., 939 F.2d 610, 612-13 (8th Cir. 1991) (in disparate impact case, plaintiff must first make prima facie showing that specific employment practice has disparate impact upon protected group), cert. denied, 502 U.S. 1057 (1992).

We agree with the District Court that Clark's Equal Pay Act claim is time-barred. Although Clark claimed she was paid less than her male peers when she was promoted to Assistant Store Manager in June 1990, she acknowledged that she received an increase in her weekly rate of pay in February 1991, and she did not allege she received unequal pay checks within two years of filing her April 7, 1994 complaint. See 29 U.S.C. § 255(a) (1994) (Equal Pay Act provides two-year limitations period from filing of complaint or  three-year limitations period if willful violation proven).

For the foregoing reasons, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.